**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD DILAURI, ) | |
| ) | |
| Plaintiff, ) | Case No.  1:09-cv-198-SJM-SPB |
| ) | |
| v. ) | |
| ) | |
| WILLIAM P. MULLEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER OF JUDGMENT

Plaintiff's complaint in this civil rights action was received by the Clerk of Court on August 4, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  On June 13, 2011, this Court entered a Memorandum Order [52] adopting the Magistrate Judge's recommendation to dismiss the Plaintiff's Second Amended Complaint.  Plaintiff appealed that order, and the Third Circuit Court of Appeals subsequently entered a judgment [66] affirming this Court's June 13, 2011 Order in part and vacating it in part.

At this procedural juncture, Plaintiff's sole remaining claim is brought under 42 U.S.C. §1983 against William P. Mullen, the Allegheny County Sheriff, and asserts a violation of Plaintiff's Eighth Amendment rights arising from an injury which Plaintiff incurred when he attempted to descend a set of stairs in the Allegheny County Courthouse while in leg shackles.  Plaintiff has alleged that Defendant Mullen is liable for his injury under theories of either direct personal involvement or supervisory liability.

The Magistrate Judge's Report and Recommendation, filed on March 1, 2013 [83], recommends that the Defendant's Motion for Summary Judgment [79] be granted.  Although Plaintiff did not file any papers in opposition to the summary judgment motion,

Plaintiff did file objections [84] to the Report & Recommendation on March 18, 2013. Thereafter, Defendant Mullen filed a reply [85] to Plaintiff's objections, and Plaintiff then filed a response [86] to Defendant Mullen's reply.

Upon *de novo* consideration of these documents as well as the entire summary judgment record, the Court finds no merit in the Plaintiff's objections and agrees with the Magistrate Judge that summary judgment in favor of Defendant Mullen is appropriate. Specifically, the Court concludes that the record in this case cannot support any reasonable finding that Defendant Mullen was aware of, much less deliberately indifferent to, an excessive risk to Plaintiff's safety by virtue of Plaintiff's shackled descent down the stairs in question. Here, the record cannot support a finding of liability on the part of Mullen whether under a theory of direct personal involvement theory or under a theory of supervisory liability.

Plaintiff has alleged that there are disputes in the record as to: (i) whether he sustained an actual fall as he alleges or a purposeful, controlled fall as the Defendant claims, (ii) whether his shackles were kinked or otherwise faulty, and (iii) the identity of the individual who was responsible for placing a call to EMS. To the extent these issues are disputed, however, they are not material because they cannot help establish any basis for liability on the part of Defendant Mullen and, therefore, they cannot affect the outcome of his Rule 56 motion.

Plaintiff also contends that he was not aware that he could file papers in opposition to the Defendant's summary judgment motion. However, this claim is belied by the Magistrate Judge's minute entry of the status conference she held on July 31, 2012 [78], which clearly indicates that responses to dispositive motions were due February 15, 2013. In any event, Plaintiff has not stated how further discovery or briefing would have resulted in a different outcome in light of the issues raised by Defendant Mullen in his Rule 56 motion.

Accordingly, after <u>de novo</u> review of the complaint and documents in the case, including the summary judgment record, the Report and Recommendation, Plaintiff's objections to the R&R, Defendant's reply to the objection, and Plaintiff's response thereto, the following order is entered:

AND NOW, this 18th Day of April, 2013;

IT IS ORDERED that the Defendant's Motion for Summary Judgment [79] shall be, and hereby is GRANTED. Accordingly, IT IS FURTHER ORDERED that JUDGMENT shall be, and hereby is, entered in favor of Defendant, William P. Mullen, and against Plaintiff Richard DiLauri relative to Plaintiff's §1983 claim premised on the alleged violation of his Eighth Amendment rights.

The Report and Recommendation of Magistrate Judge Baxter, filed on March 1, 2013 [83], is adopted as the opinion of this Court.

                                                s/   <u>Sean J. McLaughlin</u>
                                                      SEAN J. McLAUGHLIN
                                                      United States District Judge

cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter